[No. 687.]

## THE STATE OF NEVADA, RESPONDENT, *v.* CHARLES GLOVERY ET AL., APPELLANTS.

ASSAULT WITH INTENT TO ROB.—The intent of the defendants in making the assault constitutes the gist of the offense, and must be clearly estab-, lished.

IDEM.—The intent is not necessarily to be inferred from the act done, but must be made-out from an impartial consideration of the entire surroundings, which is sometimes extended beyond the immediate *res gestæ.*

ACTS OF ROBBERY—INSTRUCTIONS.—Under an indictment charging the crime of an assault with intent to commit robbery: *Held,* that instructions that the jury must find some "visible act of robbery committed by defendants" against the person upon whom the assault was made, showing an intention to rob, were properly refused.

CHARGE OF THE JUDGE—WHEN NOT PREJUDICIAL. — Where the Court unnecessarily instructed the jurors in their duties, but told them nothing but what the law presumed them to know: *Held,* that it could not have prejudiced the defendants.

INSUFFICIENCY OF EVIDENCE.—A verdict in a criminal case will not be set aside where there is any evidence to sustain it.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The defendants, Charles Glovery, Edward Allen, John Duggan and Charles Warren, were indicted for, tried and found guilty of, an assault with intent to commit robbery.

W. T. C. Elliott, upon whom the alleged assault was made, testified to certain facts which induced him to suspect that the defendants were meditating the commission of some robbery at the Capital House in Reno, kept by witness, and that he had disguised himself for the purpose of watching their movements; that while going through an alley in said town about three o'clock in the morning, with the intention of passing by the defendants without their recognizing him, he stumbled along as if drunk, with his hat drawn down over his face, when one of the defendants said, "There goes a stiff, boys; *let's go through him;* let's go for him," or words to that effect. Another said, "*Let's nail him;*" that the defendants then rushed upon him and caught hold of his arms; that they had pistols in their hands; that

he raised his hat and said, "Let me alone, I am no stiff;" that one of the defendants then said, "It is a policeman; let's kill him;" that he was then struck in the face with their pistols and received a blow upon his head that almost knocked him down, whereupon he called for help, and while struggling with the defendants he received a pistol wound upon his head; that he then heard some person halloo, and the defendants let go of him and ran away.

The following are the instructions referred to in the opinion: 1. "The intention of the defendants, or any of them, to commit the crime of robbery on the person of one W. T. C. Elliott, at the time of the assault charged in the indictment, is made a necessary ingredient of crime as expressly designated or defined by law, constituting, indeed, the essence of the crime with which they are charged in the indictment, and in which consequently the intention of the defendants must be made to appear by evidence in addition to the proof of the external visible act or acts of robbery, which the intention of the defendants is required to qualify."

2. "Should the jury fail in finding from the evidence any external visible act of robbery committed by the defendants, or any of them, on or against the person of W. T. C. Elliott, showing an intention to rob him, they will not find the defendants, or any of them, guilty of an assault with intent to rob."

After the jury had deliberated for eighteen hours, the court was informed by the foreman that six jurors were in favor of finding defendants guilty of an assault only, and six were in favor of finding them guilty as charged in the indictment, and that for this reason they could not agree. The court thereupon of its own motion instructed the jury as follows:   *   *   *   "It is to be hoped that you will not fail to render a verdict through any mere pride of opinion or stubbornness. Your honest convictions you should, of course, adhere to; but a wanton refusal to agree upon a verdict is a departure from the line of duty which jurors should follow, and renders the administration of the law in our courts extremely onerous and unsatisfactory.

\*   \*   \*   Let each juror, therefore, again endeavor, in a dispassionate and reasonable frame of mind, to consider this case in its true light as it appears from the testimony; and giving due, but not undue, credit and attention to the opinions of his brother jurors, endeavor to do in this case that which will satisfy his conscience and his oath."

*W. Webster,* for Appellants.

The first error complained of is the refusal of the court to give to the jury instructions 1 and 2. The first of these instructions is certainly law, unless the words "of robbery" after the words "act or acts" in the instruction, carries it beyond the rule governing the question of intention. The intention to commit a crime is at law criminal—"the will is taken for the deed," as it were—but the proof in a case where intention is charged as the gist of the offense is arrived at in a somewhat different manner from a case wherein the intention has been fully executed or incorporated with the accomplished fact. In the latter case, the accomplished or consummated fact being proved, the presumption is that the accused intended to do the act, for a reasonable person is presumed to intend that which he deliberately does; and should a person do an act that is criminal, it logically follows that the person's intention was also criminal. In short, the accomplished fact proves the intention. But in the former case there is no accomplished fact from which the intention may be presumed. The gist of the offense is shifted from the fact completed to that condition of the mind termed intention. The subject of investigation is not the deed, but the more subtile subject of the will. In that investigation, the acts of the accused are secondary, the intention now being the primary subject. It will not be presumed from the act or acts of the accused immediately connected with the criminal fact he is accused of having the intention to commit, because there is no consummated fact from which the law will presume an intention existing. The law and reason are therefore disarmed. (Burrill on Circumstantial Evidence, 298.)

The other instruction refused by the court is different in its phraseology, but in substance the same.    The words "of robbery" after the words "visible act," may take it out of the rule; but this would, I think, depend upon the latitude given to the word "act" preceding the words "of robbery."    Should the word "act" be taken in the sense of "an act completed," the instruction would be broad in its meaning, but the term "act," if taken in a limited sense, and as applied to any one of the many "acts" which would of necessity be required to make up a full and complete fact of robbery.

*H. B. Cossitt,* also for Appellants.

After the jury had been out eighteen hours, standing equally divided between a verdict of guilty as charged in the indictment, and of simple assault, it was error in the court to instruct them, to the effect that they must listen to and give due deference to the opinion of their fellow-jurymen.

At this period of their deliberation, it had become more a question of *physical endurance* as between them, than of right and conscience, and this instruction enabled the weaker party the more easily to fall, and furnished an excuse for falling.    That it prejudiced the rights of the defendants, the result most fully shows.

*L. A. Buckner, Attorney-General,* for Respondent.

By the Court, WHITMAN, C. J.:

Counsel for appellants are right in their claim, that in this and similar cases the intent is the gist of the offense and must be clearly established; that it is not necessarily to be inferred from the act or acts done, whatever they may be; but must be made out from an impartial consideration of the entire surroundings; which is sometimes extended beyond the immediate *res gestæ.*

But the instructions asked and refused (which refusal is presented as error), failed to clearly state the law, and

were properly refused, as will be seen by reference thereto. Each speaks of acts of robbery. If there had been any act of robbery, then there would have been a consummation of the attempt for which appellants are indicted, and a consequent merger thereof, the lesser being swallowed in the larger crime. The law to be thereto applied would be, that the intent was to be properly inferred from the act; as every sane man is presumed to know, and knowing to intend, the natural and probable consequences of his own voluntary acts.

That the jury were somewhat unnecessarily instructed in their duties, could not have prejudiced appellants, as they were told nothing but what the law presumed them to know.

There was some evidence to sustain the verdict, which is decisive upon this Court of its sufficiency.

The order and judgment appealed from are affirmed.