BEN WILSON, APPELLANT, v. THE STATE
OF NEVADA, RESPONDENT.

No. 5621

February 13, 1969                    450 P.2d 360

*R. Ian Ross,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, *George E. Franklin, Jr.,* District Attorney, *Alan R. Johns,* and *Addeliar D. Guy,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

A jury convicted Wilson of an assault with a deadly weapon with intent to do bodily harm. We are asked to void that conviction upon the ground that the evidence before the jury was insufficient to support a finding that Wilson intended to injure his victim. In our judgment it was permissible for the jury to return a guilty verdict and we affirm the conviction.

The victim was at a laundromat reading a newspaper and waiting for his clothes to be washed. An object was placed against the back of his head, and a straightedge razor against his throat. He was told not to look around. His wallet was taken, rifled, and thrown on top of the coke machine. He was then told to stand up and go with the assaultors to the liquor store next door. As they were leaving the laundromat the police arrived, and the assaultors dispersed. A police officer identified Wilson as the man who was holding the straightedge razor to the victim's throat. Wilson was subsequently apprehended and prosecuted. It is the appellant's contention that

such evidence does not establish an intention to harm his victim. He suggests that no more is shown than an intention to frighten and intimidate. All the victim had to do was follow orders, and he would not be hurt.

This statutory offense[1] requires proof of a specific intent to inflict bodily injury. Armijo v. People, 402 P.2d 79 (Colo. 1965). Indeed, when the statute makes an offense to consist of an act combined with a particular intent, the intent is just as necessary to be proved as the act itself. State v. O'Connor, 11 Nev. 416 (1876); State v. Glovery, 10 Nev. 24 (1874). Since the assaultor's state of mind is a subjective matter, the trier of the fact must resort to inferences from attendant circumstances to ascertain intent. State v. Hall, 54 Nev. 213, 13 P.2d 624 (1932); State v. Thompson, 31 Nev. 209, 101 P. 557 (1909); Moyer v. People, 440 P.2d 783 (Colo. 1968); Peterson v. People, 297 P.2d 529 (Colo. 1956).

The assaultor's intention to frighten and intimidate his victim does not preclude an intention to bodily injure him. Both may exist simultaneously. Under the evidence it was permissible for the jury to infer that Wilson possessed the "specific intent" required by the statute.

Since the appellant is an indigent and his counsel was appointed by the district court to prosecute this appeal, we direct that court to give counsel the certificate specified in NRS 7.260(3).

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

---

[1]NRS 200.400(2) reads: "An assault with a deadly weapon, instrument or other thing, with an intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant heart, shall subject the offender to imprisonment in the state prison not less than 1 year nor more than 6 years, or to a fine of not more than $5,000, or to both fine and imprisonment."