STATE OF MONTANA, Plaintiff-Respondent, *v.* DR. LE- LAND JENSEN, Defendant-Appellant Petitioner.

No. 11610.
September 24, 1969.
458 P.2d 782.

MEMO OPINION

PER CURIAM.

Defendant in this cause has filed a petition for post-conviction relief. Defendant had appealed his conviction to this Court and it was affirmed. See State v. Jensen, 153 Mont. 233, 455 P.2d 631.

In his petition defendant asserts that his sentence and the proceedings whereby it was procured violated the due process and equal protection clauses of the 14th Amendment to the United States Constitution, in that:

1. Section 94-4106, R.C.M.1947, as applied to this case and the sentence imposed constituted cruel and unusual punishment;

2. Said section 94-4106, R.C.M.1947, as applied to his case is vague and without standards;

3. The State called for production of evidence by the defendant before he testified; and

4. The State forbid defendant and his counsel from interviewing witnesses called by the State.

Section 94-4106, R.C.M.1947, reads: "Any person over the age of eighteen (18) years, who shall wilfully and lewdly commit any lewd and lascivious act, other than the acts constituting other crimes provided in section 94-4101 to 94-4108, upon or with the body or any part or member thereof, of a child under the age of sixteen (16) years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, or of such child, shall be guilty of a felony, and shall be imprisoned in the state prison not exceeding twenty-five (25) years."

This statute was originally enacted as Sec. 1, Ch. 59, Laws of 1913, and remains substantially the same today except that the penalty was increased by Sec. 1, Ch. 57, Laws of 1959. The constitutionality of this statute was upheld in State v. Kocher, 112 Mont. 511, 119 P.2d 35. There is nothing cruel or unusual about a sentence confining one to the state prison for the commission of a felony.

The second contention that the statute is vague and without standards is without merit. As stated by this Court in the Kocher case, supra, the elements of the crime as set forth in the statute are: first, the offender must be over the age of 18 years; second, a lewd or lascivious act must have been

committed upon or with the body or any part or member thereof, of a child under 16 years of age; and third, the act must have been committed with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the accused or the child. There is nothing vague about this language and the standards are specifically set forth.

As to the request by the State for the production of evidence by defendant before he testified, it is true as disclosed by the quote from the record that the prosecution stated: "We will call upon the doctor to produce that card." No objection was made to this request, in fact counsel for the defendant stated: "We have the case history here and we will be glad to give it to you." However, even if we were to concede, arguendo, that the State should not have made any such request, what prejudice resulted? None. Defendant willingly furnished what was requested without any objection whatever.

The final assertion, that the State forbid the defense from interviewing witnesses. In support of this charge defendant submits excerpts from the trial transcript of cautionary remarks made by the trial judge to witnesses, advising them not to talk with anyone about the case on trial and if they desired advice as to the proper thing to do in any such situation they should consult the county attorney. Thus it was the statements of the trial judge rather than any remarks made by the prosecution that are cited in support of the contention. These matters were considered by this Court upon the appeal as indicated by the following paragraph from our opinion:

"During the course of the trial the court on several occasions gave instructions to the witnesses and made other comments, some of which may have implied to the jury that the court felt the witnesses were telling the truth. We find no merit in appellant's argument on this issue. At no time did his counsel object to these comments. The leading case in Montana on comments by the court is State v. Dixson, 80 Mont. 181,

260 P. 138 (1927). In that case objection to the comment was made immediately and we see no reason why that should not have been done here. The general rule is that the lower court cannot be put in error with an issue raised for the first time on appeal. State v. Campbell, 146 Mont. 251, 405 P.2d 978 [22 A.L.R.3d 824] (1965)."

There being no merit to any of the contentions made by the defendant his petition for post-conviction relief is denied.