## WALTER PETE JENSEN, APPELLANT, v. SHERIFF, WHITE PINE COUNTY, NEVADA, RESPONDENT.

No. 7131

March 30, 1973      508 P.2d 4

*Robert Gaynor Berry,* of Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Merlyn H. Hoyt,* District Attorney, and *Rupert C. Schneider,* Deputy District Attorney, White Pine County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Appellant, charged with kidnapping in the first degree, a felony under NRS 200.310, was ordered to stand trial for the offense at the conclusion of a preliminary examination. He then petitioned the district court for habeas relief, which was denied, and now appeals.

The record shows, inter alia, that appellant drove his automobile along a side road near a public swimming pool in White Pine County; that he stopped the car, invited a 10-year-old girl into the car; that she declined his invitation; that he then placed one hand over her mouth and forcibly put her in the

vehicle; that he drove to and entered the main road and, after traveling that artery a "short distance," he stopped the car and ordered her to exit; and that she was found a short time later walking along the roadway toward the area from which she had been abducted. These events were witnessed and reported to the authorities and appellant was arrested shortly thereafter.

Appellant concedes the confinement and detention of the young girl but strongly urges that the recited events merely constitute "false imprisonment" because the short period of time involved and the short distance traveled proscribe the finding of the "intent" necessary to make the offense "kidnapping." The argument is not persuasive.

*"False imprisonment* is an unlawful violation of the personal liberty of another, and *consists of confinement or detention* without sufficient legal authority." NRS 200.460(1). [Emphasis added.] Section 2 of that statute provides for civil damages and the criminal sanction of a gross misdemeanor.

While kidnapping embraces the elements of false imprisonment the converse is not true. False imprisonment differs from kidnapping in that the latter is aggravated by removal of the imprisoned person to some other place. Samson v. State, 174 N.E. 162 (Ohio App. 1930). Both offenses embrace different concepts. Kidnapping is generally understood to constitute the carrying away of a person for a purpose, such as ransom or the committing of a bodily offense. We think of a false imprisonment as the withholding of the freedom of movement of a person for other reasons, such as when the person is caught in the purported act of shoplifting or the like.

The applicable portion of our kidnapping statute reads: "[*E*]*very person who* leads, *takes,* entices, *or carries away or detains any minor* with the intent to keep, imprison, or confine it from its parents, guardians, or any other person having lawful custody of such minor, or with the intent to hold such minor to unlawful service, or perpetrate upon the person of such minor or unlawful act shall be deemed guilty of kidnapping in the first degree." NRS 200.310(1). [Emphasis added.] The statute spells out the several specific acts in the disjunctive, and any one of them is sufficient to taint the act with criminality. State v. Berry, 93 P.2d 782 (Wash. 1939).

*Kidnap* means to take and carry away any person by unlawful force or fraud and against his will. We attach no other requirements such as a minimum distance of asportation. It is

the *fact,* not the *distance,* of forcible removal of the victim that constitutes kidnapping. State v. Clark, 455 P.2d 844 (N.M. 1969). Convictions under kidnapping statutes similar to NRS 200.310 have been sustained on lesser asportations, i.e., People v. Enriquez, 11 Cal.Rptr. 889 (Cal.App. 1961), where the victim was moved 6 feet within a building; People v. Melendrez, 77 P.2d 870 (Cal.App. 1938), where the victim was moved 50 to 75 feet; and Cox v. State, 177 N.E. 898 (Ind. 1931), where the victim was moved 90 feet.

The dominating element of the crime of kidnapping is the intent with which the acts enumerated in the statute are done, but the essential criminal intent is deemed included in the doing of the prohibited act. State v. Rosegrant, 93 S.W.2d 961 (Mo. 1936). The necessary intent may be inferred from the acts of the accused. Brown v. State, 111 N.E.2d 808 (Ind. 1953). "Intention is manifested by the circumstances connected with the perpetration of the offense, . . ." NRS 193.200; Wilson v. State, 85 Nev. 88, 450 P.2d 360 (1969); State v. Hall, 54 Nev. 213, 13 P.2d 624 (1932).

We fully recognize the rule that intent, as an element of crime, is seldom susceptible of proof by direct evidence, and that it may be inferred from a series of acts and circumstances. Wilson v. State, *supra;* Rice v. United States, 149 F.2d 601 (10th Cir. 1945). In the factual context of the record before us the element of intent was met. The evidence submitted at the preliminary examination amply establishes probable cause to hold appellant for trial on the charge of "kidnapping." NRS 171.206; NRS 200.310(1).

The order of the district court is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.