DAVID MICHAEL McDONALD, Appellant, v. SHERIFF
OF CARSON CITY, NEVADA, and the STATE OF
NEVADA, Respondents.

No. 7260

July 23, 1973                                     512 P.2d 774

*Arthur J. Bayer, Jr.,* of Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; and *Michael E. Fondi,* District Attorney, Carson City, for Respondents.

## OPINION

*Per Curiam:*

An information charging appellant with nine different felonies was filed in the district court at the conclusion of a preliminary examination. A pre-trial habeas challenge to the information was granted as to three counts, and denied as to the remaining counts. In this appeal, appellant contends the district court erred in denying habeas as to two counts of rape (Counts I and II) because the evidence showed the alleged victim consented to the sexual intercourse, and argues that, as to the other counts, the evidence submitted to the magistrate was insufficient to establish probable cause.

1. Appellant concedes evidence was adduced at the preliminary examination to show he engaged in the acts of sexual intercourse, but contends the rape charges cannot stand, because the victim consented. The contention is without merit. Consent of the alleged victim is a matter of defense. NRS 200.363; cf. State v. Fuchs, 78 Nev. 63, 368 P.2d 869 (1962); State of Nevada v. Pickett, 11 Nev. 255 (1876). The record does not impel us to conclude that, at trial, such defense will be shown as a matter of law; and we are not now concerned with the prospect that the evidence presently in the record may, by itself, be insufficient to sustain a conviction. NRS 171.206; cf. Maskaly v. Sheriff, 85 Nev. 111, 450 P.2d 790 (1969), and Goldsmith v. Sheriff, 85 Nev. 295, 454 P.2d 86 (1969).

2. The contention of lack of probable cause as to the remaining counts is without merit, except as to Count V (battery with a deadly weapon, NRS 200.481),[1] and Count IX (second degree kidnapping, NRS 200.310).[2]

---

[1] The battery charge cannot stand because the record reflects the alleged injury was accidentally inflicted. NRS 200.481 defines battery as "any *willful* or unlawful use of force or violence . . ." [Emphasis added]. Here, from the prosecuting witness's testimony, it unequivocally appears appellant did not intend to inflict the cut she suffered.

[2] "Kidnap means to take and carry away any person by unlawful force or fraud and against his will." Jensen v. Sheriff, 89 Nev. 123, 508 P.2d 4 (1973); NRS 200.310. Here the victim testified that there was no force or fraud and that she not only voluntarily accompanied the accused from Carson City to Reno (the alleged criminal act), but voluntarily returned here with him the following day. Accordingly, the charged offense clearly did not occur.

The record does contain sufficient evidence to establish probable cause that the remaining charged offenses were committed and that appellant probably committed them. NRS 171.206.

The order of the trial court is reversed as to Count V and Count IX; as to Counts I, II, III and VI, it is affirmed.