ROLAND MARSHALL, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 7540

January 17, 1974

518 P.2d 157

*Morgan D. Harris,* Public Defender, and *Joseph T. Bonaventure,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

About 1:15 a.m., on the morning of March 20, 1973, the Clark County Sheriff's office received a report that the 7–11 grocery store located at 3707 E. Flamingo Blvd. was open, but unattended.

When the officers who responded to the call arrived at the store they observed the cash drawer, empty and on the floor. The dead body of James Hunter, the night clerk, was found slumped, in a pool of blood, against the door of the ladies' rest room. During the ensuing investigation fingerprints and palmprints, later identified as those of appellant, were found on the cash drawer, the foyer leading into the rest room area and on both the inside and outside of the door of the ladies' rest room.

Appellant was charged with the homicide and, after a preliminary examination, was ordered to stand trial for murder (NRS 200.010).

In a pretrial petition for habeas corpus the single contention was that the evidence adduced at the preliminary examination was insufficient to establish probable cause to hold appellant for trial. This appeal is from the trial court order denying habeas corpus relief.

The record before us shows that, at the preliminary examination, the prosecutor established, *inter alia,* that the rest rooms were located in the rear of the store and were for the use of the store employees only; that there were four bullet wounds in the body of the victim, any one of which could have been. the cause of death; and, that the fingerprints and palmprints of appellant were found in and about the area reserved for employees.

The thrust of appellant's argument suggests that the presence of his fingerprints and palmprints at the scene of the homicide is insufficient to sustain the charge of murder. In support of this argument he cites McLain v. State, 24 So.2d 15 (Miss. 1945), and People v. Flores, 137 P.2d 767 (Cal.App. 1943), both of which held that evidence of the accused's fingerprints in a stolen car did not establish his guilt beyond a reasonable doubt, when a conviction for theft was challenged on appeal.

These authorities are inapposite. Here we are only concerned

with probable cause to hold appellant for trial. We deem the evidence herein sufficient to meet the standard of probable cause contemplated by NRS 171.206. State v. von Brincken, 86 Nev. 769, 476 P.2d 733 (1970). See McKenna v. Sheriff, 85 Nev. 524, 458 P.2d 358 (1969).

"[W]e are not now concerned with the prospect that the evidence presently in the record may, by itself, be insufficient to sustain a conviction." McDonald v. Sheriff, 89 Nev. 326, 512 P.2d 774 (1973).

The order of the trial court is affirmed.