CHRIS SUMMERS, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 7631

May 8, 1974 521 P.2d 1228

---

*Roy L. Nelson II,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Gary Redmon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant, charged with "lewdness with a minor" (NRS 201.230), was ordered to stand trial at the conclusion of a preliminary examination. He then sought habeas corpus in the district court and now appeals from the order denying that relief.

The alleged victim, a 12-year-old girl, testified, *inter alia,* that during the afternoon of June 28, 1973, she was clad in a two-piece bathing suit and, while chatting with appellant, he invited her into his dwelling so that he could obtain his camera and photograph her. After entering the house she was asked to get on the bed and appellant, after taking several pictures, pulled the lower part of her bathing suit down to her knees, took several more pictures and then, while standing beside the bed, masturbated while the girl watched.

In asking us to reverse, appellant's first contention suggests that the word "lewd" is unconstitutionally vague because it

does not have sufficient certainty of definition so that an individual of ordinary intelligence would have fair notice as to what conduct is lewd.[1] We reject the contention.

While "lewd" is not specifically defined in our statutes, the word "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." Roth v. United States, 354 U.S. 476, 491 (1957), quoting from United States v. Petrillo, 332 U.S. 1, 8 (1947). "The Constitution requires no more." *Petrillo, supra,* at 8. No case has been cited by appellant in support of the argument and we note courts in other jurisdictions have determined that the word "lewd" has sufficient constitutional certainty to meet the requirement of Due Process. See, for example: State v. Jensen, 458 P.2d 782 (Mont. 1969); People v. Loignon, 325 P.2d 541 (Cal.App. 1958); and, United States ex rel. Huguley v. Martin, 325 F.Supp. 489 (N.D. Ga. 1971).

Appellant also contends that the evidence adduced before the magistrate is insufficient to meet the test of probable cause to hold him for trial. The thrust of his argument is that the lack of physical contact with the girl proscribes the charge.

We need not decide whether actual physical contact between appellant and the victim is an essential element of the crime because here there was physical contact when the bottom portion of the bathing suit was lowered. See People v. Lanham, 31 P.2d 410 (Cal.App. 1934), where the defendant placed his hands under the clothing of a child and removed her panties. In affirming the conviction the court said: "It is common knowledge and common experience to conclude that in removing the panties of the child the hands of the one removing the panties would necessarily and undoubtedly come in contact with the body of the child so outraged." 31 P.2d at 412.

In People v. Halistik, 230 P. 972 (Cal.App. 1924), a conviction was affirmed where the accused had placed his hand between the child's legs without placing it under the clothing. The court observed that "[i]t would be unreasonable to hold that the act charged could be committed only by placing the hand

---

[1] The applicable portion of NRS 201.230 reads:

"1. Any person who shall willfully and lewdly commit any lewd or lascivious act, other than acts constituting the crime of rape and the infamous crime against nature, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be punished . . ."

upon the bare flesh of the girl's body, . . ." 230 P. at 973. Compare State v. Kocher, 119 P.2d 35 (Mont. 1941), which affirmed a conviction where the defendant has placed his hand on the victim's shoulder in an attempt to unbutton her dress. The court noted that even though there was no "flesh to flesh" contact the conduct was within the lewd act with a minor statute.

In the factual context of this case, the testimony of the alleged victim, if true, is sufficient to meet the probable cause requirement of NRS 171.206. See concurring opinion by Zenoff, J., in Franklin v. State, 89 Nev. 382, 513 P.2d 1252 (1973).

"[W]e are not now concerned with the prospect that the evidence presently in the record may, by itself, be insufficient to sustain a conviction." McDonald v. Sheriff, 89 Nev. 326, 512 P.2d 774 (1973).

The order of the trial court is affirmed.