RAYMOND ALLEN LOVELL, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 8282

DAVID LEROY CARRERA, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 8283

February 27, 1976                    546 P.2d 1301

*Victor Alan Perry,* of Reno, for Appellant Raymond Allen Lovell.

*Horace R. Goff,* State Public Defender, and *Gary S. Armentrout,* Deputy State Public Defender, Carson City, for Appellant David Leroy Carrera.

*Robert List,* Attorney General, Carson City, *Howard D. McKibben,* District Attorney, and *Steven D. McMorris,* Deputy District Attorney, Douglas County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

After jury trial, appellants, Raymond Allen Lovell and David Leroy Carrera, stand convicted of robbery (NRS 200.-380) and first-degree kidnapping (NRS 200.310).

On November 16, 1974, Gale House, after dropping his wife at the front entrance of the Sahara Tahoe Hotel, parked his car in the rear parking lot. As he walked towards the casino, Mr. House was accosted by two individuals, later identified as Carrera and Lovell. They forced him to return to his car and sit in the front passenger seat while Carrera drove the vehicle and Lovell sat in the back seat with a weapon pointed at House. Lovell immediately took all of the victim's cash and his billfold. Carrera, noting that he had inadvertently exited north on Highway 50, entered the parking lot at Harvey's Inn, approximately 1½ miles from the Sahara, to turn around. As the car slowed, House attempted to escape

but Lovell shoved a gun in his ribs and said, "Try it again and you will be dead, dead, dead."

Appellants have raised the following issues[1] for our consideration:

1. That robbery is a lesser included offense of kidnapping and therefore appellants are being subjected to double jeopardy by being punished twice for the same offense.

2. Whether the lower court erred in ordering joinder of the trials of Carrera and Lovell.

3. That Carrera was denied effective assistance of counsel for counsel's failure to object to a purportedly impermissible suggestive photographic identification.

4. That Lovell was improperly arraigned and therefore denied procedural due process.

5. That the prosecutor's comment on Lovell's refusal to give a statement for the purposes of presentence investigation was prejudicial to his sentencing.

6. That the trial court erred when it admitted into evidence a weapon and bullets obtained from Lovell.

We find no merit in any of the contentions and affirm.

1. They were not subjected to double jeopardy on the contention that robbery is a lesser included offense of kidnapping. Kidnapping constitutes the carrying away of a person for a purpose such as ransom or the committing of a bodily felony. Jensen v. Sheriff, 89 Nev. 123, 508 P.2d 4 (1973); see also, McDonald v. Sheriff, 89 Nev. 326, 512 P.2d 774 (1973). The elements of kidnapping are (1) taking or seizure of a human being, (2) asportation or movement of a seized individual, (3) by means of unlawful force or fraud, and (4) for the purpose of ransom, reward or committing a bodily felony.

Robbery is " '. . . the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property . . .' " State v. Feinzilber, 76 Nev. 142, 146, 350 P.2d 399, 401 (1960); NRS 200.380. Thus the crimes of robbery and kidnapping are distinctly different. Kidnapping requires the seizure of a human being by force together with asportation, not the mere capture of his personal property. Robbery requires seizure of personal

---

[1]Carrera's appeal does not include some of the issues raised by Lovell. However, their contentions coincide in some respects.

property by force, but not the holding or asportation of the victim. Different acts are required to complete each of the crimes, thus, the principle "Where the offense charged cannot be committed without necessarily committing another offense, the latter is a 'necessarily included' offense," State v. Carter, 79 Nev. 146, 149 n. 3, 379 P.2d 945, 947 n. 3 (1963), does not apply.

2. The court may order joinder of two or more indictments or informations if the defendants could have been named in a single indictment or information. NRS 174.155. Joinder is within the discretion of the trial court and its action will not be reversed absent an abuse of discretion. Moeller v. United States, 378 F.2d 14 (5th Cir. 1967).

Appellants have failed to cite any relevant authority. Failure to present authorities in support of an alleged error eliminates the issues from appellate consideration unless the error is so unmistakable that it is revealed by a casual inspection of the record. Franklin v. State, 89 Nev. 382, 513 P.2d 1252 (1973). There is no evidence to show prejudice by the joinder.

3. Carrera was not denied effective assistance of counsel by the failure of his attorney to object to an allegedly suggestive photographic lineup containing only his photo and no others.

First, we held in Rodriguez v. State, 91 Nev. 782, 542 P.2d 1065 (1975), that failure of counsel to object to an allegedly suggestive lineup waived the objection. Before a denial of due process based on inadequate counsel will be declared the trial must be a sham, a farce or a pretense. Founts v. Warden, 89 Nev. 280, 511 P.2d 111 (1973). Failure in this instance to object did not reduce the trial to those criteria. Both appellants were well and ably represented.

4. Secondly, in the same connection Lovell contends that the mailing of six photos to Mr. House in Washington after the crime and after Lovell's arrest was impermissibly suggestive. The pictures were shown to Lovell's counsel prior to being sent to House. He approved their similarity to appellant Lovell with respect to facial features, hair and the like. The purpose of the photographic displays was to allow the witness

to attempt the identification of the offender. Even without the counsel's approval, the display comports with the language of United States v. Ash, 413 U.S. 300 (1973).

5. Prior to trial, Lovell sought habeas corpus on the ground that he was not properly arraigned. His petition was denied. He failed to appeal that denial within 15 days of the trial court's ruling as required by NRS 34.380(3), and that failure bars present consideration of the ruling's propriety. Apgar v. Sheriff, 89 Nev. 224, 510 P.2d 632 (1973).

6. Lovell further claims that the prosecutor's comment that Lovell refused to talk to the appropriate individuals compiling the presentence report prejudiced the judge so that he could not properly sentence Lovell, and that the trial court also erred in admitting a gun and bullets when the chain of custody was not properly established. Neither issue is supported by authority and will not be considered. See Franklin v. State, supra.

Affirmed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.