RICHARD WILLIAM RUSSELL, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 8690

March 25, 1976                    547 P.2d 313

*Jones, Jones, Bell, LeBaron, Close & Brown* and *Michael E. Buckley,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Melvyn T. Harmon,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination Richard William Russell was ordered to stand trial for grand larceny (NRS 205.220), committed at the Fur Shop in the Tropicana Hotel, Las Vegas.

In an effort to avoid trial Russell timely petitioned for habeas corpus, contending the charge should be dismissed because (1) the evidence adduced at the preliminary examination did not meet the probable cause test delineated in NRS 171.206; and, (2) of the failure of the prosecution to timely schedule his arraignment in the district court.

1. Contrary to Russell's contention, we believe the quantum of the evidence adduced at the preliminary examination met the requirements of NRS 171.206 and, therefore, warranted the magistrate's determination that Russell should stand trial. Cf. McDonald v. Sheriff, 89 Nev. 326, 512 P.2d 774 (1973).

177

2. In support of his second contention Russell argues there is a "presumption" of prejudice because of the state's alleged failure to schedule his arraignment within the ten-day period provided in Rule III(c)(1) of the Special Rules of the Eighth Judicial District Court. He cites no authority in support of the contention, and, in fact, case law is otherwise. See, for example, State v. Vassar, 533 P.2d 544 (Ariz. 1975).

Affirmed.