TERRY DEE FLOWERS, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 8746

April 14, 1976           548 P.2d 644

*Morgan D. Harris,* Public Defender, and *Mike Harrison,* Deputy, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Frank J. Cremen,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination Terry Dee Flowers was ordered to stand trial for battery with intent to commit rape, a felony under NRS 200.400.

In an effort to avoid trial Flowers timely petitioned for habeas corpus, contending the charge should be dismissed because the evidence adduced at the preliminary examination did not meet the probable cause test delineated in NRS 171.-206. He also contends his "in-court" identification should be suppressed because it was based on an unduly suggestive pre-trial lineup.

1. Contrary to Flowers' contention, we believe the quantum and quality of the evidence adduced at the preliminary examination met the requirements of probable cause specified in NRS 171.206 and, therefore, warranted the magistrate's

determination that Flowers should stand trial. State v. Havas, 91 Nev. 611, 540 P.2d 1060 (1975).

"[W]e are not now concerned with the prospect that the evidence presently in the record may, by itself, be insufficient to sustain a conviction." McDonald v. Sheriff, 89 Nev. 326, 327, 512 P.2d 774, 775 (1973).

2. Flowers' attempted constitutional challenge to the admissibility of the "in-court" identification is not cognizable in habeas; rather, it should be raised through a motion to suppress, as contemplated by NRS 174.125. See Cook v. State, 85 Nev. 692, 462 P.2d 523 (1969), and its progeny.

Affirmed.