PAUL HALE ISLER, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 8672

April 26, 1976                    548 P.2d 1373

*Peter L. Flangas,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Rene C. Arceneaux,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination Paul Hale Isler was ordered to stand trial for robbery (NRS 200.380); use of a deadly weapon in commission of a crime (NRS 193.-165); and, second degree kidnaping (NRS 200.310).

In an effort to avoid trial, Isler timely petitioned for habeas corpus, contending the charges should be dismissed because: (1) the magistrate did not make a finding of probable cause as contemplated in NRS 171.206; (2) the in-court identification should be suppressed because it was based on an unduly suggestive photographic display; and, (3) his conduct did not constitute the offense of kidnaping.

1. At the conclusion of the preliminary examination the magistrate stated: "Mr. Isler, this court has read the complaint and found the crimes listed . . . have occurred and there has been sufficient evidence adduced to suggest you are guilty . . ." The quoted statement is sufficient to show the magistrate found probable cause to hold Isler for trial. See NRS 171.206.

2. Isler's attempted constitutional challenge to the admissibility of the "in-court" identification is not cognizable in habeas; rather, it should be raised through a motion to suppress, as contemplated by NRS 174.125. See Cook v. State, 85 Nev. 692, 462 P.2d 523 (1969), and its progeny.

3. Isler's final contention urges the kidnaping was incidental to the robbery and therefore did not amount to a separate offense. Here, the record shows that Isler, after robbing a 7–11 Store, compelled an employee of the store to ". . . walk outside." The employee protested and told Isler he could not leave the store unattended. Whereupon Isler retorted, "Shut up, or I'll shoot you. Go outside." Upon leaving the store the employee was directed to a pickup truck and told: "Don't try anything funny, because this gun will shoot through windows." Thereafter the employee was driven approximately one-half mile from the 7–11 Store and released. This conduct supports the charge of kidnaping. Cf. Stalley v. State, 91 Nev. 671, 541 P.2d 658 (1975). Compare Lovell v. State, 92 Nev. 128, 546 P.2d 1301 (1976).

Affirmed.