EDWARD DONALD ECKERT, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9272

VICTOR JOSEPH TRAPANI, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9273

December 21, 1976          557 P.2d 1150

*Kelly H. Swanson,* Las Vegas, for Appellant Eckert.

*Theodore J. Manos,* Las Vegas, for Appellant Trapani.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, *Rimantas A. Rukstele* and *Frank J. Cremen,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A multiple count indictment charged Edward Donald Eckert and Victor Joseph Trapani with first degree kidnapping (NRS 200.310(1)), robbery (NRS 200.380), extortion (NRS 205.-320), conspiracy to commit extortion (NRS 199.480(2)), and the use of a deadly weapon in the commission of a crime (NRS 193.165). Pretrial habeas corpus challenges to the indictment were denied by the district court and in this appeal appellants reurge the same contentions they raised below.

The charges arise out of an alleged scheme to extort money from a casino in Las Vegas. The record establishes that, on June 7, 1976, Trapani, an employee of the casino, arrived at the home of one of the casino's owners, ostensibly for a visit. Later, Eckert entered the house, and, holding the occupants at gunpoint, instructed the casino's general manager and Trapani, who was apparently feigning, to go to the casino and to return with $125,000. Eckert threatened to kill the hostages if his instructions were not carried out. The two men, pursuant to the instructions, went to the casino and returned with approximately $50,000 in a briefcase. Eckert promptly appropriated the money and departed.

1. The specific challenge to the kidnapping charges is based on the lack of asportation of the victims. Additionally, it is

asserted that the asportation, if any, was merely incidental to the other offenses; thus, no kidnapping occurred. We disagree.

This court has previously held that a minimum distance of asportation is not necessary to support a charge of kidnapping; it is the fact, not the distance, of forcible removal of a victim that constitutes the offense. Jensen v. Sheriff, 89 Nev. 123, 508 P.2d 4 (1973). Thus, it is enough, to support the kidnapping charges, that the victims were forcibly moved only a short distance within the house. Accord: State v. Williams, 526 P.2d 1244 (Ariz. 1974).

We also reject the ancillary contention that the asportation was merely incidental to the crime of extortion or robbery. Kidnapping, robbery, and extortion are distinctly different and separate offenses. Burks v. State, 92 Nev. 670, 557 P.2d 711 (1976); Lovell v. State, 92 Nev. 128, 546 P.2d 1301 (1976).

2. Notwithstanding assertions to the contrary, we believe there is enough evidence in the record to support the district judge's determination that there was probable cause to believe appellants committed the charged offenses. Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971).

3. Eckert's attempt to suppress identification testimony before the grand jury must be raised in a motion to suppress, not in a habeas petition. NRS 174.125. Cf. Flowers v. Sheriff, 92 Nev. 217, 548 P.2d 644 (1976); Isler v. Sheriff, 92 Nev. 248, 548 P.2d 1373 (1976).

Affirmed.