BERNARD WALKER, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9761

June 15, 1977 · 565 P.2d 326

*Morgan D. Harris,* Public Defender, and *R. Michael Gardner,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Rimantas A. Rukstele,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

At the conclusion of a preliminary examination, Bernard Walker was bound over for trial on a charge of robbery, a felony under NRS 200.380. A pretrial petition for a writ of habeas corpus contended the evidence adduced by the prosecuting attorney failed to establish that a robbery had probably been committed and that, instead, the evidence showed the alleged crime was merely an attempt because the asportation element was absent. The district court denied habeas and in this appeal Walker reasserts the same contention.

Among the evidence the district attorney proffered was the following. The victim testified that, upon walking into a restroom at the MGM Grand Hotel, he was attacked, beaten, and dragged into an adjacent storage room by Walker and another man. He further testified that his wallet was taken from his person and at least $75 was removed. A security guard who interrupted the alleged crime testified he saw the opened wallet on a shelf behind the men.

Walker contends that since he was apprehended at the scene there was no asportation of the victim's money; therefore, he argues that under our decision in State v. Fouquette, 67 Nev. 505, 221 P.2d 404 (1950), he can only be charged with "attempted robbery," a crime of lesser magnitude. His reliance on *Fouquette* is misplaced. That case dealt, not with the problem of when an attempt becomes a robbery, but with

when a robbery concludes for purposes of applying the felony-murder doctrine (*i.e.,* whether a killing occurred during the "perpetration" of the robbery or after its conclusion). The *Fouquette* court ruled that the robbery was still in progress until the asportation of the property had been completed; that is, until the robber had made an escape.

The problem of when the asportation arises is a different one and the law is clear. In discussing asportation as it relates to larceny, Perkins states that "this technical requirement may be satisfied by a very slight movement." R. Perkins, Criminal Law 263 (2d ed. 1969). On weaker facts, the California Supreme Court held that "the taking of [the victim's] wallet constituted a robbery even though the defendant discarded it as soon as he discovered it was empty." People v. Carroll, 463 P.2d 400, 402 (Cal. 1970). Here the defendant not only took the wallet from the victim, but he also removed some of its contents. *Compare* Jensen v. Sheriff, 89 Nev. 123, 126, 508 P.2d 4, 5 (1973), a kidnapping case, where we wrote that it was "the *fact,* not the *distance,* of forcible removal . . . that constitutes [the offense]."

Affirmed.