SHERMAN GROSNEY, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 10431

March 15, 1978                                      575 P.2d 941

*Gary Logan,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *L. J. O'Neale,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to a True Bill by a Clark County Grand Jury, Sherman Grosney was indicted for the felonious sale of cocaine, a controlled substance (NRS 453.321; NRS 453.171). A pretrial petition for a writ of habeas corpus challenged the quantum and quality of the evidence presented to the grand jury. Habeas was denied and in this appeal Grosney contends we are compelled to reverse. We do not agree.

The transcript of the grand jury proceedings reflects that on the morning of October 3, 1977, an undercover narcotics officer met with Lorraine Thompson for the stated purpose of purchasing a quantity of cocaine. Thompson traveled with the officer in his automobile to an exclusive apartment complex in Las Vegas. The two were allowed to pass through a security gate to the parking lot after Thompson stated to the guard: "Lorraine Thompson to see Sherman Grosney." The officer then parked and handed Thompson five (5) "marked" $100 bills. Thompson left the automobile and vanished into the apartment complex. She returned about five minutes later and handed the officer a pill bottle which, according to Thompson, contained cocaine. The officer, who had remained in the automobile during Thompson's absence, then placed Thompson under arrest and proceeded, with a confederate, to the Grosney apartment.

After announcing their presence and receiving no response, the officers forced entry into the apartment where they observed Sherman Grosney seated behind a coffee table. Another person was also in the apartment. Three of the marked $100 bills were on the coffee table and were seized. Grosney was arrested and one of the marked $100 bills was recovered from his person when he was searched. [The fifth marked bill was not accounted for.]

In our view, the recited facts are sufficient to support the district judge's determination that Grosney probably committed the charged offense. NRS 172.155(1); Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971).

"[W]e are not now concerned with the prospect that the evidence presently in the record may, by itself, be insufficient to sustain a conviction." McDonald v. Sheriff, 89 Nev. 326, 327, 512 P.2d 774, 775 (1973).

Accordingly, we affirm.