**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN JOSEPH SEKA, | No. 08-17120 |
| Petitioner - Appellant, | D.C. No. 3:05-cv-00409-HDM-VPC |
| v. | |
| E.K. MCDANIEL, Warden; NEVADA ATTORNEY GENERAL, | MEMORANDUM and ORDER[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted March 14, 2011
San Francisco, California

Before: HUG, W. FLETCHER, and M. SMITH, Circuit Judges.

In his habeas petition, petitioner John Joseph Seka alleged thirteen claims

for relief. The district court found that eight of these claims were procedurally

defaulted because the Nevada Supreme Court had held that they were waived

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

under NRS 34.810(1)(b)(2). We granted a certificate of appealability as to whether the district court erred in finding that these claims were procedurally defaulted. On appeal, Seka also raises several uncertified issues challenging the sufficiency of the evidence at trial and the effectiveness of his trial counsel.

We review the district court's dismissal of a habeas petition on procedural grounds de novo. *Collier v. Bayer*, 408 F.3d 1279, 1280 (9th Cir. 2005). We will grant a certificate of appealability where "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As to Seka's certified issue, we hold that the district court was correct in determining that Seka defaulted the eight claims. Seka did not raise any of these claims for relief on direct appeal. The Nevada Supreme Court held that Seka was therefore barred from raising these claims on post-conviction appeal. Specifically, the Nevada Supreme Court held that "[t]o the extent that Seka raised any of these claims outside of the context of his ineffective assistance of appellate counsel claims, we conclude that Seka failed to demonstrate good cause for his failure to raise these claims in his direct appeal and they are waived. *See* NRS 34.810(1)(b)(2)." The provision cited by the Nevada Supreme provides, "The

2

court shall dismiss a petition if the court determines that: . . . [t]he petitioner's conviction was the result of a trial and the grounds for the petition could have been . . . [r]aised in a direct appeal." This is an independent and adequate state law ground which prevents us from reviewing Seka's claims during federal habeas proceedings. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Even if Seka could show cause for this default, he has not alleged any prejudice on appeal.

We grant a certificate of appealability on the issue of the sufficiency of the evidence to support the first degree murder charge for the killing of Hamilton. Included in this certificate of appealability is the issue of the sufficiency of the evidence to support a finding that Seka had an intent to rob Hamilton, such that the robbery could serve as a predicate offense for felony murder.

We deny a certificate of appealability on Seka's other uncertified issues.

We will establish a briefing schedule by separate order.

On the certified issue, the district court is AFFIRMED. We GRANT a certificate of appealability on one issue and DENY certificates of appealability on the other issues.