**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN JOSEPH SEKA, <br><br> Petitioner - Appellant, <br><br> v. <br><br> E.K. MCDANIEL, Warden; NEVADA ATTORNEY GENERAL, <br><br> Respondents - Appellees. | No. 08-17120 <br><br> D.C. No. 3:05-cv-00409-HDM-VPC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted March 14, 2011
San Francisco, California

Before: HUG, W. FLETCHER, and M. SMITH, Circuit Judges.

On March 28, 2011, we granted a certificate of appealability for an

uncertified issue raised in petitioner John Joseph Seka's opening brief concerning

"the sufficiency of the evidence to support a finding that Seka had an intent to rob

Hamilton, such that the robbery could serve as a predicate offense for felony

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

-1-

murder." We have reviewed the parties' supplemental briefs, including Seka's oversized reply brief. We grant his unopposed motion to file that brief. We affirm the district court on this issue.

Drawing all inferences in favor of the prosecution, it was not unreasonable under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), for the Nevada Supreme Court to affirm the first degree murder conviction. 28 U.S.C. § 2254(d)(2). The evidence showed that the murderer removed Hamilton's jacket from his body after he was killed. Although "afterthought" robbery is not a predicate offense of felony murder, *Nay v. State,*123 Nev. 326 (Nev. 2007), the jury could have inferred that Seka formed the intent to rob Hamilton before he killed him. This is sufficient to prove first degree murder. Even if Seka immediately disposed of the jacket, Nevada does not require that the robber intend to "permanently" deprive the victim of his or her property; the "duration of the deprivation" of property is irrelevant. *Litteral v. State*, 97 Nev. 503, 507 (Nev. 1981) (citation omitted), *overruled on other grounds by Talancon v. State*, 102 Nev. 294, 301 (1986). *See also Walker v. Sheriff, Clark County*, 93 Nev. 298, 300 (1977) (citing approvingly *People v. Carroll*, 1 Cal. 3d 581 (1970), holding that "the taking of [the victim's] wallet constituted a robbery even though the defendant discarded it as soon as he discovered it was empty").

This memorandum, and our March 28, 2011 order, dispose of the entirety of

petitioner Seka's appeal in this court.

AFFIRMED.