An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PRESTON LOPEZ A/K/A PRESTON T. LOPEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61112

**FILED**

APR 1 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit burglary, burglary, and grand larceny. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Preston Lopez first contends that insufficient evidence supports his convictions because the State did not prove that he was one of the perpetrators. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to support the convictions beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Vega v. State*, 126 Nev. ___, ___, 236 P.3d 632, 639 (2010).

One victim, who was home during the residential burglary, testified that someone rang the doorbell of her house repeatedly. The victim did not answer the door, but a short time thereafter, heard footsteps inside the house. She heard two males talking as they went through the family's belongings. She saw the face of one of the intruders and identified him in court as Lopez. A police officer responding to the scene identified Lopez as the person he saw exiting the home. And a second officer identified Lopez as the person he spotted running from the

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 11651

area and who matched the description of the suspect given by the first officer. Lopez's identification card, Visa card, and bible were found in the car his coconspirator was stopped in as he fled the scene. An acquaintance of Lopez testified that she lent the car to him months earlier. Finally, the victims testified as to the value of various items taken during the burglary. From this evidence, a rational juror could reasonably infer that Lopez committed the charged offenses. *See* NRS 199.480; NRS 205.060(1); NRS 205.220(1)(a) (1997);[1] *see also* NRS 205.251. It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Second, Lopez asserts that the district court erred by denying his *Batson* challenge to the State's peremptory challenge of the only African-American male in the venire. *See Batson v. Kentucky*, 476 U.S. 79 (1986). The district court concluded that Lopez did not demonstrate a prima facie case of racial discrimination and Lopez fails to demonstrate that the district court's conclusion was in error. *See Johnson v. California*, 545 U.S. 162, 169 (2005) (a prima facie showing of discrimination is made when "the sum of the proffered facts gives rise to an inference of discriminatory purpose" (internal quotation marks omitted)); *Batson*, 476 U.S. at 96-97; *Diomampo v. State*, 124 Nev. 414, 422-23, 185 P.3d 1031, 1036-37 (2008) (the district court's determination regarding

---

[1]Because Lopez committed his offenses on January 11, 2011, prior to the effective date of the current version of NRS 205.220, the prior version of the statute controls. *See* 1997 Nev. Stat., ch. 150, § 12, at 341.

discriminatory intent is afforded significant deference on appellate review).

Third, Lopez argues that the district court erred by allowing a lay witness to testify as an expert because the witness was not noticed as an expert under NRS 174.234(2)-(3). Even assuming that the witness's testimony was expert testimony, we conclude that the error was harmless in light of the substantial evidence of Lopez's guilt. *See* NRS 178.598; *Mclellan v. State*, 124 Nev. 263, 269-71, 182 P.3d 106, 111-12 (2008) (discussing harmless error standard).

Fourth, Lopez argues that the district court erred by declining to give the jury his proposed instruction on eyewitness identification testimony. "[S]pecific eyewitness identification instructions need not be given, and are duplicitous of the general instructions on credibility of witnesses and proof beyond a reasonable doubt." *Nevius v. State*, 101 Nev. 238, 248-49, 699 P.2d 1053, 1060 (1985). The jury here was properly instructed regarding the reasonable doubt standard and witness credibility. Therefore, we conclude that the district court did not abuse its discretion by declining to give the proffered instruction. *See Cortinas v. State*, 124 Nev. 1013, 1019, 195 P.3d 315, 319 (2008).

Fifth, Lopez contends that the district court erred by instructing the jury that the "carrying away" element of larceny is met by "any removal of the property from the place where it was kept or placed by the owner, done with the specific intent to deprive the owner permanently of his property, whereby the perpetrator obtains possession and control of the property for any period of time." We conclude that Lopez fails to demonstrate that the district court abused its discretion by giving this instruction. *See Walker v. Sheriff*, 93 Nev. 298, 300, 565 P.2d 326, 326-27

(1977) (noting that asportation requires only a slight movement); *see also, e.g., People v. Duran*, 106 Cal. Rptr. 2d 812, 816 (Ct. App. 2001); *In re D.K.*, 684 S.E.2d 522, 524 (N.C. Ct. App. 2009); *State v. Moultrie*, 322 S.E.2d 663, 664 (S.C. 1984) (the slightest movement of the stolen property satisfies the asportation requirement; it is not necessary to prove that items were removed from the premises). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Hon. David B. Barker, District Judge
      Blaine D. Beckstead
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk
      Preston Lopez