WILLIAM ALLEN GREEN, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9832

April 7, 1978

576 P.2d 1123

*Mills, Galliher, Lukens & Gibson,* and *Lamond R. Mills,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Gordon Richards,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

William Allen Green appeals his conviction for lewdness with a minor (NRS 201.230), contending the district court violated his right to due process when it amended the information after all evidence had been presented at trial. We agree.

The information upon which the charge was brought originally provided:

> That William Allen Green . . . did . . . willfully, lewdly, unlawfully, and feloniously commit a lewd or lascivious act with the body of [the alleged victim], a child under the age of fourteen years, by *fondling the private parts of said child,* with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of said Defendant, or said child. (Emphasis added.)

After the defense had rested, the district court amended the information by striking the italicized phrase and replacing it with the words: "rolling up the shirt of said child to a point two inches below said child's nipples."

Of course, although amendment of an information is usually within the trial court's discretion, that discretion is abused if an "additional or different offense is charged" or the "substantial rights of the defendant are prejudiced." NRS 173.095; Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966). Here, the belated amendment obviously prejudiced appellant's substantial rights, because it negated the method of defense adopted throughout trial, and effectively directed a verdict for conviction.

The information initially charged appellant with lewdness because he allegedly had fondled the "private parts" of the victim. "Private parts" have uniformly been defined as genitalia and the immediate area surrounding the organs of reproduction. *See, e.g.,* State v. Moore, 241 P.2d 455 (Or. 1952); State v. Dennison, 435 P.2d 526 (Wash. 1967). Evidence presented at trial established, however, that appellant did not touch the genitalia of the victim, but at most rolled up her

blouse two inches from the breast area. Thus, appellant relied on extensive cross-examination to show that he did not in fact fondle the victim's private parts. Appellant then rested without presenting any evidence, assured that the State had not shown the act alleged in the information.

In Simpson v. District Court, 88 Nev. 654, 660, 503 P.2d 1225, 1229 (1972), we held an indictment or information must contain such "description of the particular act alleged to have been committed by the accused as will enable him properly to defend against the accusation, and the description of the offense must be sufficiently full and complete to accord to the accused his constitutional right to due process of law." Here, the amendment completely changed the method by which appellant allegedly committed the criminal act. This cannot be styled a mere clerical correction. *Cf.* State v. Hill, 505 P.2d 704 (Kan. 1973); Sanville v. State, 553 P.2d 1386 (Wyo. 1976); Neal v. State, 529 P.2d 526 (Okl.Crim.App. 1974); State v. Morgison, 486 P.2d 1115 (Wash.App. 1971). It was one of substance, which circumvented appellant's method of defense. *See* State v. Armijo, 566 P.2d 1152 (N.M.App. 1977).

Conceding *arguendo* some ambiguity in the term "private parts," such term as originally employed would at most suggest defendant had fondled the alleged victim's breasts. Even so liberally construed, however, the information originally gave no notice whatever of the act or "means" the trial judge undertook to allege, after the trial had concluded. On its facts and governing principles therefore, the case is much like State v. McMahan, 65 P.2d 156 (Ida. 1937), wherein a physician originally was charged with manslaughter, by means of committing a criminal abortion resulting in death. He was convicted on a theory of negligently occasioning death through lack of skill in treating peritonitis, and the Idaho Supreme Court declared:

> To put a man on trial without giving him, in the information, *'a statement of the acts constituting the offense* in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended', and to let him know these facts, for the first time when his trial is in progress [or worse, after it is over], is to deprive him of the protection the statute [requiring allegation of means] was designed to give him and deny him due process of law in violation of . . . the Constitution. *Ibid,* at 159–160; emphasis in original.

In the instant case, as in the *McMahan* case, defense counsel directed his efforts to defeating the charges as originally

alleged, and not to attacking evidence inconsistent with those charges. The amendment, therefore, clearly prejudiced appellant.[1]

We therefore reverse and remand for a new trial upon the amended information, so that appellant might now have adequate notice of the means by which he allegedly committed the illegal act, and have opportunity to prepare his defense accordingly.

BATJER, C. J., and MOWBRAY, THOMPSON, and MANOUKIAN, JJ., concur.

---

[1]It should be mentioned that the trial judge was not insensitive to the possibility of error in granting the prosecution's request for amendment. Accordingly, noting he might well be reversed, Judge Goldman allowed defendant to remain on bail pending appeal.