**Willie L. CAFFEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–87–00605–CR.**

Court of Appeals of Texas.
San Antonio.

Feb. 22, 1989.

Paul J. Goeke, San Antonio, for appellant.

Fred G. Rodriguez, Cynthia Bivens, Bruce Baxter, and Jay Brandon, Criminal

Dist. Attys., Bexar County Courthouse, San Antonio, for appellee.

Before CADENA, C.J., and BIERY and CARR, JJ.

OPINION

BIERY, Justice.

Willie L. Caffey was charged with the felony offense of theft, $750.00 to $20,-000.00. Mr. Caffey waived his right to a jury trial. Following the non-jury trial, the trial court found that the State had proven the charges against Mr. Caffey beyond a reasonable doubt and also found that Mr. Caffey had two convictions prior to the instant offense. Accordingly, the punishment, enhanced by two prior convictions, was assessed at imprisonment for thirty years. Appellant asserts by four grounds of error that the conviction should be reversed.

His first two points of error challenge the sufficiency of the evidence (1) to prove ownership as alleged in the indictment and (2) to establish theft of the personal property described in the indictment. This court has reviewed the statement of facts and finds that the record is replete with evidence sufficient to support the findings of the trial court.

■ With reference to the issue of ownership, there is evidence that Francisco Castillo, Jr. was a Sales Manager for Sears Roebuck on the day of the theft, that he had care, custody and control of property in the "TV and Electronic Section," and that State's Exhibit No. 5 was a photograph of the property taken, to wit: "a video camera/recorder that we carry." Roger Sturdivant testified that he was a loss prevention agent for Sears at the location of the alleged theft and that he saw appellant carrying the box depicted in State's Exhibit No. 5. Mr. Sturdivant followed appellant outside the store, stopped him and asked if he had a receipt. At that point, appellant threw the box at the witness (Sturdivant) and tried to run.

"Owner" means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession than the actor. TEX.PENAL CODE ANN. § 1.07(a)(24) (Vernon 1974). The evidence is sufficient to find that Francisco Castillo, Jr. had a greater right to possession of the property than Willie L. Caffey and that Willie L. Caffey was in the process of stealing the personal property described in the indictment when he was arrested. Accordingly, appellant's points of error one and two are overruled.

In point of error number three, appellant complains that the trial court erred in overruling appellant's objection to the amendment of the indictment on the day of trial. On June 18, 1987, the State filed its motion to amend the indictment in order to change the wording of the indictment to allege that appellant had committed theft of "(1) video camera and recorder" rather than "a video recorder." Notice of the motion was given to appellant's counsel and it was not until the day of trial, August 31, 1987, more than two months later, that appellant objected to the motion to amend. The trial court overruled the objection and, after conferring with appellant, appellant's counsel waived the ten days delay to which he was entitled by TEX.CODE CRIM.PROC. art. 28.10(a).

The primary purpose of an indictment is to give the accused adequate notice of the offense with which he is charged. *Moreno v. State,* 721 S.W.2d 295, 300 (Tex.Crim. App.1986). The obvious purpose of article 28.10 is to protect the defendant's right to this notice.

■ In the instant case, appellant was given notice of the State's intention to amend more than two months prior to trial. Further, appellant also had an opportunity to take at least ten extra days to prepare his defense, as provided by article 28.10(a) but chose to waive that right and proceed immediately to trial.

We also note that article 28.10(c) provides that an indictment may be amended over the defendant's objection so long as the amendment does not allege an additional or different offense or prejudice the substantial rights of the defendant. We hold that changing "video recorder" to

"video camera and recorder" does neither. Appellant's third point of error is overruled.

In his fourth point of error appellant claims that the trial court erred in overruling his motions to quash the enhancement portions of his indictment, based on his claim that he had not waived his right to a jury in the earlier convictions used for enhancement. During its case in chief, the State introduced State's Exhibit Nos. 9 and 10 to prove appellant's two prior convictions alleged for enhancement. Each exhibit was a pen packet containing, among other things, a judgment of conviction. The first prior conviction, Cause No. 74–CR–905, recited on the face of the judgment that appellant had been represented by counsel and had "in open court and in writing waived his right of trial by jury." State's Exhibit 10 included a judgment of conviction in Cause No. 79–CR–2691 in which the judgment recited that appellant had been represented by counsel and had been tried by a jury. The recitations in the records of the trial court, such as a formal judgment, are binding in the absence of direct proof of their falsity. *Breazeale v. State*, 683 S.W.2d 446 (Tex.Crim.App.1984). Appellant introduced no evidence in support of his claim and appellant's filing of a motion to quash is insufficient to show he did not waive his right to a jury trial. *Jones v. State*, 714 S.W.2d 138, 141–42 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). Appellant's fourth point of error is overruled.

All points of error having been overruled, the judgment of the trial court is affirmed.