An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ORENTHAL JAMES SIMPSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64529

FILED

SEP 1 0 2015



*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

On appeal from the denial of his May 15, 2012, petition, appellant Orenthal James Simpson argues that the district court erred in denying his claims of ineffective assistance of trial counsel involving Yale Galanter and Gabriel Grasso. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012,

15-27424

103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Simpson argues that counsel were ineffective for failing to investigate, prepare a defense to, or redact several examples of bad-character evidence contained in the audio recordings admitted into evidence. Simpson also suggests that counsel were ineffective for failing to request a limiting jury instruction pursuant to *Tavares v. State*, 117 Nev. 725, 30 P.3d 1128 (2001). Simpson has failed to demonstrate deficiency or prejudice. Galanter testified that it was a strategic decision to play for the jury comments by police personnel at the crime scene because it showed police bias against Simpson. Simpson has not demonstrated that this was an extraordinary circumstance in which strategy would be deemed objectively unreasonable. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996).

As to the rest of the alleged bad-character evidence, Simpson points to nothing in the record to indicate whether the jury actually listened to the complained-of audio snippets either in court or during deliberations. Accordingly, Simpson has not demonstrated the key facts underlying his claim by a preponderance of the evidence. Even if the jury had heard the evidence, Simpson still failed to demonstrate deficiency. First, none of the complained-of evidence was relevant. *See* NRS 48.015

(defining it as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence"). Simpson has neither alleged that counsel were objectively unreasonable in not objecting to the evidence on those grounds nor demonstrated that counsel were objectively unreasonable in not producing additional irrelevant evidence to counter it. Second, Simpson does not allege, and it does not appear from the record, that the evidence of which he now complains was admitted "for the purpose of proving that the person acted in conformity therewith." NRS 48.045(1), (2). He has thus failed to demonstrate that he had the right to a *Tavares* instruction, *see* 117 Nev. at 730-31, 30 P.3d at 1131 (providing the right to a limiting jury instruction for evidence admitted pursuant to NRS 48.045(2)), *modified in part by Mclellan v. State*, 124 Nev. 263, 182 P.3d 106 (2008). Finally, even were counsel objectively unreasonable, Simpson has failed to demonstrate a reasonable probability of a different outcome at trial had the evidence been excluded, because there was substantial evidence that he conspired with others to set up the property-recovery plan, including the inveigling of the victims and the use of force. We therefore conclude that the district court did not err in denying this claim.

Second, Simpson argues that counsel were ineffective for failing to challenge and limit the admission of evidence and arguments regarding a civil judgment and, in particular, the State's references to it as the Goldman judgment. Simpson has failed to demonstrate deficiency or

prejudice. The district court's finding that counsel did attempt to limit the introduction of the evidence was supported by substantial evidence in the record, including a motion in limine and various objections. Further, we agree with the district court that Simpson did not demonstrate that the failure to object to every mention of the "Goldman" judgment constituted deficiency. Moreover, although Simpson's appendix did not contain any transcripts of the voir dire process, the record indicates that the jury was asked about the Goldmans' civil suit during voir dire. *See Simpson v. State*, Docket No. 53080 (Order of Affirmance, October 22, 2010). Accordingly, Simpson has failed to demonstrate a reasonable probability of a different outcome had counsel made further efforts to excise "Goldman" from references to the civil judgment. We therefore conclude that the district court did not err in denying this claim.

Third, Simpson argues that counsel was ineffective for failing to object to the prosecutor's comments in rebuttal argument disparaging the defense as "hypocritical," "a joke," and "spin." Simpson has failed to demonstrate prejudice. The jury was instructed that argument of counsel is not evidence, and this court presumes, as it must, that a jury follows its instructions, *Hymon v. State*, 121 Nev. 200, 211, 111 P.3d 1092, 1100 (2005). Simpson has thus failed to demonstrate a reasonable probability of a different outcome had counsel objected to the disparaging comments. We therefore conclude that the district court did not err in denying this claim.

Fourth, Simpson argues that counsel were ineffective for failing to investigate and present evidence regarding ownership of the items taken from the victims. Simpson has failed to demonstrate deficiency or prejudice. Ownership of the items was irrelevant to any elements of the offenses charged. Further, such evidence would not have resulted in a reasonable probability of a different outcome. Simpson had acknowledged that property belonging to each of the victims was also taken by him and/or his coconspirators. And insofar as the evidence could have impeached part of the testimony of victim B. Fromong, the portions of his testimony relevant to the elements of the crimes were supported by the audio recordings and/or testimony of other witnesses. We therefore conclude that the district court did not err in denying this claim.

Fifth, Simpson argues that counsel were ineffective for failing to request a jury instruction on citizen's arrest. Simpson has failed to demonstrate deficiency or prejudice. Counsel testified that they did not believe the facts of the case met the requirements for citizen's arrest. Simpson has not demonstrated otherwise since he has presented no evidence that a public offense was attempted or committed in his presence, he does not allege what crimes the victims in this case committed outside his presence, nor has he demonstrated a reasonable belief that the victims in this case committed a felony. See NRS 171.126. Rather, even assuming that Simpson believed that a felony had occurred, his belief was that it had been committed by a third party who was not present for the instant

crimes. We therefore conclude that the district court did not err in denying this claim.

Sixth, Simpson argues that counsel were ineffective for failing to investigate and present available evidence to show a physiological basis to support his claim that he did not see weapons in the hotel room. Simpson has failed to demonstrate deficiency or prejudice. The district court's finding that Simpson knew about the gun was supported by substantial evidence in the record. W. Alexander and M. McClinton testified that Simpson asked them to bring guns, and Galanter testified that Simpson had admitted to him that he had asked them to do so. Galanter also testified that he did not pursue the defense because Simpson denied that he was intoxicated. We therefore conclude that the district court did not err in denying this claim.

Simpson also argues that the district court erred in denying his claims of ineffective assistance of appellate counsel Galanter.[1] To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on

---

[1]Grasso withdrew as counsel on appeal and was replaced by Malcolm LaVergne. Galanter was responsible for the contents of the opening brief, appendices, and petition for rehearing. Galanter withdrew after this court denied the petition for rehearing, leaving LaVergne responsible for the petition for en banc reconsideration.

appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. Appellate counsel is not required to, and will be most effective when he does not, raise every non-frivolous issue in appellate proceedings. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

First, Simpson argues that counsel was ineffective for failing to raise the lack of a *Tavares* instruction and to challenge the admission of the so-called bad-character evidence, references to the Goldmans, and the prosecutor's disparagement of the defense in closing and rebuttal arguments. For the reasons discussed above, Simpson has failed to demonstrate that counsel was deficient or that Simpson was prejudiced. We therefore conclude that the district court did not err in denying these claims.

Second, Simpson argues that counsel was ineffective for failing to adequately raise his claim that assault with use of a deadly weapon is a lesser-included offense of robbery with use of a deadly weapon such that a conviction for both offenses violated the Double Jeopardy Clause of the United States Constitution. Simpson has failed to demonstrate deficiency. Preliminarily, we note that despite having the burden to overcome the presumption that counsel was effective, Simpson failed to ask Galanter why the arguments on appeal focused on redundancy instead of Double Jeopardy. Simpson thus failed to meet his burden of demonstrating that

counsel was objectively unreasonable. Further, this court has never issued an opinion as to whether assault is a lesser-included offense of robbery, and it was not objectively unreasonable for counsel to concentrate his arguments on the well-developed legal principle of redundancy. We therefore conclude that the district court did not err in denying this claim.

Third, Simpson argues that counsel was ineffective for failing to bring to this court's attention on rehearing "the law" as stated in *Hymon v. Williams,* in which a federal district court concluded that under Nevada law, assault with use of a deadly weapon is a lesser-included offense of robbery with use of a deadly weapon. 2:09-CV-1124-RLH-LRL, 2011 WL 941065, at *6 (D. Nev. Mar. 15, 2011). Simpson has failed to demonstrate deficiency or prejudice. *Hymon* was not decided until after the issuance of this court's order denying the petition for rehearing. Even had it been decided earlier, the reasoning in *Hymon* is not persuasive since its scant analysis did not include consideration of the word "intentionally" in Nevada's assault statute. *See* NRS 200.471(1)(a)(2); *see also Schuck v. Signature Flight Support of Nev., Inc.,* 126 Nev. 434, 440 n.2, 245 P.3d 542, 546 n.2 (2010) (noting that federal district court dispositions may be persuasive but that they are not binding). We therefore conclude that the district court did not err in denying this claim.

Fourth, Simpson argues that counsel was ineffective for failing to raise in the petition for rehearing that this court misapprehended a material fact and law relevant to his argument that the assault and

robbery convictions were redundant.[2] Simpson has failed to demonstrate deficiency or prejudice. Simpson again failed to inquire of Galanter why he did not challenge the alleged errors, and he therefore failed to demonstrate that counsel was objectively unreasonable. Simpson also failed to demonstrate that this court misapprehended the issue of legislative intent such that counsel was objectively unreasonable for not challenging it on rehearing. Rather than demonstrating that the "legislative history shows that an ambiguous statute was intended to assess one punishment," *Wilson v. State*, 121 Nev. 345, 355-58, 114 P.3d 285, 292-94 (2005), Simpson not only makes no allegation that the statute is ambiguous, but also twists the *Wilson* language to incorrectly argue that he can only be punished for both crimes if the legislative history clearly states that the Legislature did intend multiple punishments with other crimes.

Moreover, Simpson did not demonstrate a reasonable probability of a different outcome had counsel argued on rehearing that this court misapprehended a material fact. When determining whether charges were redundant, this court generally looks to

---

[2]As Simpson recognizes, this court has since renounced the redundancy doctrine and reaffirmed that in situations such as these where the statutory text neither authorizes nor prohibits cumulative punishment, the Double Jeopardy Clause is implicated only where the elements of one offense are wholly contained in the elements of another. *Jackson v. State*, 128 Nev., Adv. Op. 55, 291 P.3d 1274, 1282 (2012).

> whether the gravamen of the charged offenses is the same such that it can be said that the legislature did not intend multiple convictions. Redundancy does not, of necessity, arise when a defendant is convicted of numerous charges arising from a single act. The question is whether the material or significant part of each charge is the same even if the offenses are not the same.

*Salazar v. State*, 119 Nev. 224, 227-28, 70 P.3d 749, 751 (2003) (citations and internal punctuation omitted), *disapproved of by Jackson*, 128 Nev., Adv. Op. 55, 291 P.3d at 1282. Here, the material part of each charge was not the same. The gravamen of assault is inducing fear or apprehension of bodily harm, while the gravamen of robbery is taking property by means of fear or force. *See Simpson v. State*, Docket No. 53080 (Order of Affirmance, October 22, 2010) (acknowledging that "[a]ssault criminalized placing a person in apprehension of imminent bodily harm" while "robbery criminalizes taking property from a person or in his presence"). Thus even assuming that we misapprehended a fact, this court would nevertheless have concluded on rehearing that the gravamen of the two charges was different. Accordingly, there was no reasonable probability of a different outcome. We therefore conclude that the district court did not err in denying this claim.

Fifth, Simpson argues that counsel was ineffective for failing to argue that allowing separate convictions for both the assault and robbery charges violated his rights to due process because he was not noticed that the assault and robbery charges were being based upon different facts. Simpson has failed to demonstrate deficiency or prejudice. In support of his one-sentence argument, Simpson cites two cases that are inapposite to his situation. In *Green v. State*, this court found a due process violation where, after the defense had rested, the information was amended to change the alleged facts constituting a lewdness charge entirely, thereby circumventing the defense that had been presented to the jury. 94 Nev. 176, 576 P.2d 1123 (1978). Simpson's information was not amended once trial began and he does not allege that any defense was nullified. In *Alford v. State*, this court found a due process violation where the jury was unexpectedly instructed on a different theory of liability than that charged and where "there [was] no reason why defense counsel would have even been thinking about" the new theory. 111 Nev. 1409, 1413, 906 P.2d 714, 716 (1995). Simpson does not allege that his jury was instructed as to a new theory of liability. Simpson has otherwise failed to support his argument with authority or to provide any cogent argument. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). We therefore conclude that the district court did not err in denying this claim.

Sixth, Simpson argues that counsel was ineffective for failing to provide a complete record on appeal in support of his claim that the

district court erred in denying Simpson's proposed jury instructions for second-degree kidnapping and larceny where they were lesser-included offenses of first-degree kidnapping and robbery, respectively. Simpson has failed to demonstrate prejudice. Appellate counsel raised the claim but failed to provide accurate versions of the proposed jury instructions, and this court refused to consider his claims. *Simpson v. State*, Docket No. 53080 (Order of Affirmance, October 22, 2010).

Simpson's claim regarding kidnapping is a bare statement that first-degree kidnapping requires only the additional element of intent to commit robbery. His claim contains no cogent argument regarding what evidence would have supported a second-degree kidnapping conviction while acquitting him of a first-degree kidnapping. *See Rosas v. State*, 122 Nev. 1258, 1264, 147 P.3d 1101, 1105-06 (2006). We thus need not consider this part of his claim. *See Maresca*, 103 Nev. at 673, 748 P.2d at 6 (1987). Nor could Simpson have demonstrated a reasonable probability of a different outcome on appeal had counsel included the instructions in the appendices because there is substantial evidence that Simpson intended to use force to obtain the property.

Simpson's claim regarding larceny also fails. Larceny is not a lesser-included offense of robbery because each requires proof of an element that the other does not. *See Barton v. State*, 117 Nev. 686, 692, 30 P.3d 1103, 1107 (2001), *overruled on other grounds by Rosas*, 122 Nev. at 1269, 147 P.3d at 1109. Robbery requires two unique elements: the

property be taken "from the person [or presence] of another" and "by means of force or violence or fear of injury." NRS 200.380(1). Larceny in turn has the unique element of specific intent. *See* NRS 205.220(1)(a) ("Intentionally steals, takes and carries away, leads away or drives away. . . ."); *see also Grant v. State*, 117 Nev. 427, 435, 24 P.3d 761, 766 (2001) (holding sufficient evidence supported the larceny element that the defendant have the "intent to permanently deprive the owner of the property"); *cf. Truesdell v. State*, 129 Nev. Adv. Op. 20, 304 P.3d 396, 402 (2013) (holding that trespass is not a lesser-included offense of home invasion because the former contains an element of specific intent that the latter lacks), *reh'g denied* (May 31, 2013), *reconsideration en banc denied* (July 18, 2013), *cert. denied*, 134 S. Ct. 651 (2013). Simpson conceded as much where his proposed jury instruction for larceny began, "Larceny is a specific intent crime." Simpson's reliance on *Jefferson v. State* is misplaced where that holding was specifically limited to the facts of that case. 108 Nev. 953, 954, 840 P.2d 1234, 1235 (1992). We therefore conclude that the district court did not err in denying this claim.

Simpson next argues that Galanter was ineffective pursuant to *Cuyler v. Sullivan*, because "an actual conflict of interest adversely affected [Galanter's] performance." 446 U.S. 335, 349-50 (1980). A petitioner who demonstrates that an actual conflict has adversely affected counsel's performance has satisfied the deficiency prong of *Strickland*, and this court presumes that he was prejudiced. *Clark v. State*, 108 Nev. 324,

326, 831 P.2d 1374, 1376 (1992). "'[A] conflict exists when an attorney is placed in a situation conducive to divided loyalties.'" *Id.* (quoting *Smith v. Lockhart*, 923 F.2d 1314, 1320 (8th Cir. 1991)).

First, Simpson argues that Galanter had an actual conflict of interest because he wanted to extend his representation of Simpson in order to benefit from the continued attorney's fees and publicity. Simpson has failed to demonstrate that there was an actual conflict of interest. The district court's finding that this was essentially a fee dispute is supported by the record. There was no written fee agreement, Simpson testified that Galanter agreed not to charge fees, and Galanter testified, "I don't do anything for free." Further, this court has never held that a desire for remuneration or enjoying publicity constitutes an actual conflict of interest giving rise to a presumption of prejudice, and the United States Supreme Court has suggested that they would not. *See Mickens v. Taylor*, 535 U.S. 162, 174-75 (2002) (calling into question the federal courts' practice of applying "*Sullivan* 'unblinkingly' to 'all kinds of alleged attorney ethical conflicts'" and clarifying "that the language of *Sullivan* itself does not clearly establish, or indeed even support" applying it to situations where "representation of the defendant somehow implicates counsel's personal or financial interests" (quoting *Beets v. Scott*, 65 F.3d 1258, 1266 (5th Cir. 1995) (en banc))); *see also People v. Doolin*, 198 P.3d 11, 41 (Cal. 2009) ("In a sense, every representation begins with a lawyer-client conflict. If the representation is for a fee, the lawyer's economic

interest will be to maximize the amount of the fee and the client's will be to minimize it. Conversely, if the representation is for a flat fee, the attorney's interest will be to minimize the amount of time spent on the case, and the client's interest will be to maximize it." (quoting *Beets*, 65 F.3d at 1297 (King, J., dissenting))) (internal punctuation omitted). We therefore conclude the district court did not err in denying this claim.

Second, Simpson claims that Galanter had an actual conflict of interest because he had advised Simpson regarding the property recovery plan and would thus have been a witness and that he wanted to hide his pre-incident involvement in order to avoid possible civil and criminal liability, professional discipline, and damage to his reputation. Simpson has failed to demonstrate that an actual conflict of interest affected Galanter's performance. The district court's finding that Simpson's actions "went far beyond" what he allegedly discussed with Galanter are supported by substantial evidence in the record. Simpson thus has failed to demonstrate that Galanter would have been a witness or that he was subject to any liability, discipline, or damage as a result of his alleged advice. Accordingly, this does not implicate a situation conducive to divided loyalties, and we conclude that the district court did not err in denying this claim.

Finally Simpson argues that the cumulative errors of trial and appellate counsel warrant relief. Simpson has demonstrated only one error: appellate counsel's failure to provide a complete, accurate record on

appeal. Accordingly, there are no errors to cumulate, and we conclude that the district court did not err in denying this claim.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Linda Marie Bell, District Judge
Pitaro & Fumo, Chtd.
Palm Law Firm, Ltd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A