An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CHI XIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64593

**FILED**

NOV 1 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of six counts of theft and one count of attempted theft. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

First, appellant claims that he did not voluntarily and intelligently waive his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), when he was unaware that one of the detectives involved in his interview was acting as both a detective and a translator and when he did not consent to speak with that detective voluntarily. The burden to make a proper appellate record rests on the appellant, *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980), and an appellant has the ultimate responsibility to provide this court with "portions of the record essential to determination of issues raised in appellant's appeal," NRAP 30(b)(3). We conclude that appellant has not provided this court with all essential portions of the record, such as a transcript of the interview or the audio version of the interview presented at trial, and therefore has not demonstrated that his *Miranda* rights were violated.

Second, appellant claims that it was error for the detective to interpret the interrogation for him without the assistance of a court-certified translator. Appellant acknowledges that "police interviews need

15-34657

not be conducted by an independent interpreter," *Baltazar-Monterrosa v. State*, 122 Nev. 606, 609, 137 P.3d 1137, 1139 (2006), but argues that the detective's interpretation of his statements was the only translation heard by the jury and that the detectives were biased and had an interest in the outcome, *see* NRS 50.054(1)(c), (d). Appellant failed to object below, so we review for plain error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). "Under that standard, an error that is plain from a review of the record does not require reversal unless the defendant demonstrates that the error affected his or her substantial rights, by causing actual prejudice or a miscarriage of justice." *Id.* (internal quotation marks omitted). We conclude that appellant fails to allege, let alone demonstrate, that there was error or that he was actually prejudiced or suffered a miscarriage of justice as he does not allege that the detective's translation of his statements was inaccurate.

Third, appellant claims that the district court abused its discretion by allowing the State to amend the information during trial to conform to the evidence presented.[1] The district court "may permit an indictment or information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial

---

[1]The record before this court does not contain the information or the amended information. *See* NRAP 30(b)(2)(A), (b)(3); *Greene*, 96 Nev. at 558, 612 P.2d at 688. However, the transcripts of the trial show that the State sought to change the language in one of the theft counts from an allegation that appellant convinced the victim to give him a check for $120,000, made out to a casino, in order to earn points and to be able to recover the money at any time, to an allegation that appellant convinced the victim to give him a check for $120,000, made out to a casino, in order to get her money back.

rights of the defendant are not prejudiced," NRS 173.095(1), and we review the district court's determination for an abuse of discretion, *Viray v. State*, 121 Nev. 159, 162, 111 P.3d 1079, 1081 (2005). The district court determined that the proposed amendment, made prior to the close of the State's case-in-chief, conformed to the statement of the victim on direct examination, that appellant had an opportunity to, and did, cross-examine the victim about the statement, that the amendment did not add or create new charges but rather reflected the victim's statement as to why appellant asked for the check, that the amendment maintained a charge of theft based on material misrepresentation for the same amount, and that appellant was not prejudiced by the amendment. We conclude the district court did not abuse its discretion. *See Shannon v. State*, 105 Nev. 782, 783 P.2d 942 (1989) (allowing a mid-trial amendment as to the factual sequence of the crime); *see also Green v. State*, 94 Nev. 176, 177, 576 P.2d 1123, 1123 (1978) (finding defendant's substantial rights were prejudiced when the information was amended after the defendant relied on cross-examination to show that he did not commit the act alleged in the information and after the defendant rested without presenting any evidence).

Having considered appellant's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, C. J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

 

cc: Hon. Douglas W. Herndon, District Judge
Coyer Law Office
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A